IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

LARRY WAYNE LOLLIS                                    PLAINTIFF

v.                            Civil No.  4:10-cv-4018

DETECTIVE JIMMY COURTNEY *et al.*                     DEFENDANTS

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, an inmate at the Hempstead County Correctional Facility in Texarkana, Arkansas, at the time of filing this Complaint, has filed a pleading by using a form entitled "Form to Be Used By Prisoners In Filing A Complaint Under the Civil Rights Act, 42 U.S.C. § 1983."  (Doc.  1). Plaintiff did not pay the full filing fee for this action, but instead filed a Motion for Leave to Proceed *in forma pauperis,* ("IFP").  (Doc.  2).  The Motion to Proceed IFP was granted.  (Doc.  3).

The matter is presently before the Court for initial screening of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A.  For the reasons discussed below, this Court recommends that this action be summarily dismissed pursuant to Section 1915A for failure to state a claim upon which relief can be granted and due to the immunity of Defendant Chirsti McQueen.

### I.      BACKGROUND

The following facts were presented to the Court in Plaintiff's Complaint.  (Doc.  1).  Plaintiff was charged with breaking and entering what was apparently an abandoned building, allegedly for the purpose of stealing copper wiring.  *Id.* at 5, Doc.  1-1 at 2.

Plaintiff indicates that Defendant McQueen, a deputy prosecutor, signed a criminal information charging him with the crime, knowing "there was not enough evidence to support an

-1-

arrest warrant." (Doc. 1 at 5).[1]   Plaintiff specifically states that Defendant McQueen had a witness/owner statement which contradicted the one in the police report, but Defendant McQueen went along with the "police version." *Id.*

Plaintiff states Defendants Jesus Coronado and Andrew Watson "plotted [the] set-up" because Watson called the owner/witness and asked that person to meet Watson at the building.   (Doc. 1 at 4, ¶ V.)  Defendant Courtney is alleged to have typed up the police report "in his own version." *Id.*  Further, Defendant Shaun Collins is alleged to "know[] somethings [sic] about this incident" because in court Collins identified the Plaintiff "as if he's heard the name now he has a face to go with it." *Id.* at 5.

Plaintiff alleges that he is also being racially discriminated against, stating that if he was not African American, he would have been charged with a misdemeanor. *Id.* at 5.  Although it is not clear from the Complaint, Plaintiff may also be alleging his arrest and the refusal to grant him a bond reduction were racially motivated as well. *Id.*

## II.    APPLICABLE LAW

Because Plaintiff is a prisoner who is seeking redress from governmental agents and entities, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A(a).  That statute, which is part of the Prison Litigation Reform Act of 1995 ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by prisoners against governmental entities and/or employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a).  The Court must determine which aspects of the pleading are actionable and

---

[1]  However, the district judge in Hempstead County did find probable cause for the arrest as set forth in the arrest warrant. (Doc. 1-1 at 3).

should be allowed to proceed. If the pleading is "frivolous" or fails to state a legally cognizable claim, the action must be dismissed. 28 U.S.C. § 1915A(b)(1).

To state a claim under 42 U.S.C. § 1983, as Plaintiff is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while the defendant(s) acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: *the complaint must allege facts,* which if true, state a claim as a matter of law." *Martin v. Aubuchon,* 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added); *see also, Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a *pro se* complaint must contain specific facts supporting its conclusions").

Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. *Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990); *Speed v. Ramsey County,* 954 F.Supp. 1392, 1397 (D. Minn. 1997). Thus, in order to state a cognizable Section 1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that allegedly violated the plaintiff's federal constitutional rights.

## III.   DISCUSSION

In this case, the complaint fails to state a claim on which relief may be granted under the Constitution or laws of the United States. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's complaint also names as a Defendant one who is immune from suit.

### A.   Immunity: Defendant Christi McQueen

Defendant McQueen is a deputy prosecuting attorney. The United States Supreme Court,

-3-

in *Imbler v. Pachtman*, 424 U.S. 409 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.* at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding a prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, all actions underlying Plaintiff's claims occurred during the state criminal proceeding on Plaintiff's charges of breaking or entering. Therefore, it is clear Defendant McQueen, acting as the prosecuting attorney, is entitled to absolute immunity in this case. *See, e.g., Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996), *cert. denied*, 519 U.S. 867 (1966) (holding county prosecutors were entitled to absolute immunity from suit).

To the extent Plaintiff's complaint seeks injunctive relief against the prosecuting attorney, this relief is not cognizable in this case. While the Supreme Court has not held that prosecutors are immune from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522 (1984), a plaintiff seeking such relief must show some substantial likelihood that the past conduct alleged to be illegal will recur. Plaintiff does not allege such facts in this case. Further, injunctive relief is not appropriate where an adequate remedy under state law exists. *Id.* at 542 & n.22; *see also Bonner v. Circuit Court of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975). Clearly, Plaintiff has adequate remedies available to him through the on going criminal prosecution, if any, and the state appellate courts.

B.  Plaintiff's Legal Claims

Plaintiff makes neither specific allegation as to what federal rights he believes were violated by the actions alleged in his complaint, nor are any such violations readily apparent upon reading the

facts of his Complaint.  Whatever Plaintiff's claims may be, it is clear that they arise from incidents that occurred in connection with the criminal proceedings in state court.   Accordingly, even if Plaintiff had alleged some facts showing that his constitutional rights were violated during the course of his state criminal prosecution, his present civil rights action would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court ruled that a court must dismiss a plaintiff's claim for civil damages when adjudication of that claim necessarily implies the invalidity of the plaintiff's conviction or sentence.  *Id.* at 487; *see also Moore v. Sims*, 200 F.3d 1170, 1172 (8th Cir. 2000).  In such cases, the plaintiff must first seek to invalidate the conviction or sentence before seeking civil damages.  *Id.*; *see also Wilson v. Lawrence County*, 154 F.3d 757, 760 (8th Cir. 1998).

Here, Plaintiff alleges he was "set-up," not given a bond reduction, and that the prosecution was racially-motivated.  He seeks damages as a result of the alleged violations.  (Doc.  1 at 4, ¶VI.) According to *Heck*, however, civil rights claims based on constitutional improprieties that allegedly occurred during a prisoner's state criminal case cannot properly be brought in federal court, unless the plaintiff first establishes, in a state or federal post-conviction proceeding, that his conviction was in fact constitutionally invalid.  *Heck*, 512 U.S. at 487.  Plaintiff has provided no information as to the result of his state-court criminal charges.

In short, even if Plaintiff had some viable constitutional claim, he could not bring it at this time. The *Heck* rule prohibits the Court from adjudicating these claims which arise out of his state criminal proceedings.

### IV.    CONCLUSION

Accordingly, I recommend that Plaintiff's Complaint (Doc.  1) be **DISMISSED** as it fails to state a claim under Section 1983.  I also recommend this case be considered a "strike" pursuant to

the so-called "three strikes" provision of the *in forma pauperis* statute, 28 U.S.C. § 1915 (g), and the Clerk of Court be directed to place the appropriate case flag on this case.

However, having filed this action, Plaintiff remains liable for the filing fee.  *See e.g., In re Tyler*, 110 F.3d 528, 529-30 (8th Cir.  1997) (holding even if the petition is dismissed, the full filing fee is still assessed because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or file an appeal.).

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 24th day of August 2010.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U.S.  MAGISTRATE JUDGE